**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE:**<br><br>**ALLEN HAMMLER,** | 1:19-mc-00026-SAB<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO BE EXEMPT FROM THE ELECTRONIC FILING SYSTEM AT CALIFORNIA STATE PRISON, CORCORAN, DIRECTING CLERK OF COURT TO RETURN COMPLAINT TO PLAINTIFF AND PROVIDE A COPY OF A BLANK APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>[ECF Nos. 3, 4] |

**I.**

**INTRODUCTION**

On April 15, 2019, the Court received a notice from the Plaintiff requesting access to the electronic case filing system at California State Prison, Corcoran ("CSP-COR").

On April 16, 2019, the Court served a copy of Mr. Hammler's documentation on Supervising Deputy Attorney General Christopher Becker and directed Mr. Becker to file a response to Mr. Hammler's documentation within fourteen days. The Court also directed Plaintiff to file a brief within twenty-one days.

On April 29, 2019, Plaintiff filed a brief in support of his request to be exempt from the electronic filing system. On April 30, 2019, Deputy Attorney General Brian Chan filed a declaration by M. Porter, Library Technical Assistant at CSP-COR addressing Plaintiff's assertion that he does not have access to the electronic filing system at CSP-COR.[1]

---

[1] Except for specifically identified motions not at issue here, a magistrate judge is permitted to hear and determine any pretrial matter that is not dispositive of a claim or defense pending before the court. 28 U.S.C. § 636(b)(1); Local Rule 302.

1

## II.

## DISCUSSION

M. Porter declares the following:

> The law library's records show Inmate Hammler (F-73072) was suspended from physically accessing the law library on March 18, 2019, because he received a Rules Violation Report (RVR) that same date. While on suspicion from physically accessing the law library, Inmate Hammler can still request legal materials, copy services, and e-filing assistance through the law library paging system or by filing a CDCR Form 22. While on suspicion from physically accessing the law library, Inmate Hammler has full access to the court's e-filing system through CSP-Corcoran's paging system.
>
> The law library's records show that Inmate Hammler previously used the law library paging system in January and February 2019. The law library's records also show that during his most recent suspension from physically accessing the law library, the law library received requests from Inmate Hammler for legal materials and copy services on March 25, 2019, April 8, 2019, April 11, 2019, April 15, 2019, April 18, 2019, and April 22, 2019. There are no records showing the law library ever received requests or paperwork from Inmate Hammler to e-file with the courts.

(Declaration of M. Porter, at ¶¶ 2-3.)

Plaintiff contends that after he was placed on restriction, M. Porter advised him to give his submissions to a correctional officer who would deliver it to M. Porter. However, Plaintiff has not been able to get a correctional officer to deliver his documents to M. Porter. Plaintiff explains that he has had delays in both the delivery and receipt of legal documents because of his restriction.

As Plaintiff is incarcerated at CSP-COR, he is subject to the Standing Order in Re: Procedural Rules for Electronic Submission of Prison Litigation Filed by Plaintiff's incarcerated at CSP-COR. Pursuant to the standing order, which applies to initial filings: (1) new complaints are subject to e-filing and they may not exceed twenty-five pages in length; and (2) motions seeking relief from the standing order, motions for emergency relief, or motions to increase the page limit shall be no more than fifteen (15) pages. As a California Department of Corrections and Rehabilitation participating

---

As the issue addressed here is not dispositive of Plaintiff's action, but merely addresses the manner in which his case must be filed, the Court shall proceed by order.

facility, no initial documents are accepted for filing by the Clerk of Court unless done pursuant to the standing order or the scanning equipment is inoperable for a period longer than forty-eight (48) hours.

While e-filing is mandatory at the designated prisons, it also provides benefits to inmates who file under this program. E-filing is faster and cheaper than filing via the U.S. Postal Service. You pay no copy charges or postage fees when you e-file, and the original documents are returned to the inmate. The e-filing process is initiated by the inmate submitting his case filings to the CDCR staff in the inmate's housing unit or law library. CDCR staff will scan and arrange for scanning your documents. CDCR staff will then return the originals to the Plaintiff with a designated stamp that indicates the documents were scanned and emailed for filing complete with a date, page number and initials of the person scanning. While page limits are imposed on the initial filing, Plaintiffs re also afforded an opportunity to seek relief from the Standing Order's page limit by way of a motion at the time they file their filing. Upon receipt of the initial filing, the Court opens a case, assigns a case number and generates initial case opening documents. The Court emails back the prisoner new case numbers, which are then delivered to the inmate by CDCR staff. This turnaround not only saves costs to Plaintiffs but also results in quicker receipt of filing and initial documents as the process is not completed through the United States mail. After the filing of the initial complaint and the return of the new case documents, all further filings and correspondence with the court proceed as normal and by the U.S. Postal Service mail.

The fact that Plaintiff may be subjected to some delay in delivery and receipt of documents does not warrant him to be excused from the e-filing requirement. M. Porter declares, under penalty of perjury, that Plaintiff has requested and received access to legal materials and copies on several occasions in April, and as of April 30, 2019, the law library at CSP-COR has not received a request or paperwork from Plaintiff to electronically file a complaint with the Court. Therefore, Plaintiff will be directed to comply with the Court's standing order and electronically file his complaint with the Court.

///
///
///
///

## III.

## CONCLUSION AND ORDER

Based on the evidence before the Court, Mr. Hammler has not complied with the requirement to request to electronically file his complaint with the Court. There is no basis for Court intervention and Mr. Hammler must comply with the normal procedures pursuant to the Court's Standing Order to have his complaint e-filed with this Court. In the interest of justice, the Court will return all documentation submitted to the Court, including the form complaint to Mr. Hammler for purposes of re-filing in compliance with the Court's Standing Order, along with a blank application to proceed in forma pauperis or pay the $400.00 filing fee.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request to be exempt from the electronic filing requirement is DENIED;
2. Plaintiff must comply with the Court's Standing Order to have his complaint electronically filed by this Court and the failure to do so will result in return of the complaint as not filed;
3. The Clerk of Court shall send Plaintiff a blank application to proceed in forma pauperis by a prisoner; and
4. The Clerk of Court is directed to return all documentation stamp received by the Court on April 15, 2019 (ECF No. 1).

IT IS SO ORDERED.

Dated: **May 1, 2019**

UNITED STATES MAGISTRATE JUDGE